IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| KELLY BASTAS,<br><br>    Plaintiff,<br><br>       v.<br><br>OLIVE GARDEN NO. 1553, et al.,<br><br>    Defendants. | Civil No. 13-cv-6880 (RMB/KMW)<br><br>MEMORANDUM ORDER |

This matter comes before the Court upon its own motion. On November 13, 2013, Defendant Olive Garden No. 1553 (the "Defendant") removed this action to this Court, relying upon diversity of citizenship to establish federal subject-matter jurisdiction. According to the underlying complaint, Plaintiff Kelly Bastas visited Defendant's Cherry Hill, New Jersey store on August 18, 2011. (Compl. ¶ 8). She alleges that "as a result of the dangerous and slippery conditions on Defendants' property, [she] was caused to slip and fall, suffering serious injuries." (Compl. ¶ 14). Plaintiff claims to have suffered unspecified injuries and demands judgment against the Defendants "in a sum exceeding $50,000." (Compl. ¶ 38.)

The Notice of Removal summarily alleges that the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332. Defendant seeks to support removal by stating that Plaintiff's

1

counsel has refused to execute a stipulation of damages of less than $75,000.  (Ntc. Rmvl. ¶¶ 5).  Defendant offers no other support for the proposition that the amount in controversy exceeds $75,000.

As an initial matter, the Court notes that it has repeatedly held that a plaintiff's refusal to enter into a stipulation limiting its recovery is not sufficient to sustain an allegation of $75,000 in controversy.  See, e.g., Martin v. Wal-Mart Stores, Inc., 709 F. Supp. 2d 345, 350 (D.N.J. April 30, 2010) ("One may not reasonably infer from Plaintiff's 'refusal' to stipulate to a limitation on her claims that the claims are reasonably likely to exceed $75,000."); Inferrera v. Wal-Mart Stores, Inc., Civ. Action No. 11-1331 (D.N.J. March 11, 2011); Hober v. Wal-Mart Stores, Inc., 11-187 (D.N.J. Jan. 13, 2011).

Moreover, it is well-settled that a removing defendant carries the burden of establishing the requisite amount in controversy. Russ v. Unum Life Ins. Co., 442 F. Supp. 2d 193, 199 (D.N.J. 2006) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)).  The Third Circuit has cautioned that § 1441 must be strictly construed against removal "so that the Congressional intent to restrict federal diversity jurisdiction is honored." Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004) (internal citations omitted).  "Because lack of jurisdiction would make any decree in the case void and the continuation of the

litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand." Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985) (internal citations omitted); see also Steel Valley Authority v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) ("It is settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.") (citing Abels). Thus, a removing party must provide more than mere speculation or tenuous inferences about the amount in controversy to satisfy its burden. Russ v. Unum Life Ins. Co., 442 F. Supp. 2d 193, 198 (D.N.J. 2006) ("[M]ere speculation that a claim will exceed the jurisdictional amount is not enough to confer jurisdiction."); Valerio v. Mustabasic, Civ. No. 07-534, 2007 WL 2769636, *4 (D.N.J. Sept. 21, 2007). In other words, "if this Court has to guess" at whether the jurisdictional threshold has been met, then the "defendant has not proved its point." Valerio, 2007 WL 2769636 at *4 (internal citations omitted).

Here, the amount in controversy is speculative at best, given Plaintiff's demand of "a sum exceeding $50,000" not $75,000. The Plaintiff's damages amount as a stated in her complaint coupled with a refusal to stipulate does not suffice to prove that this court has jurisdiction. See Martin, 709 F. Supp. at 350 ("The Court should not be rendered powerless to question whether virtually any simple

negligence claim satisfies the amount-in-controversy requirement because a plaintiff's mere assertion of injury creates some possibility that his recovery might exceed the jurisdictional minimum.").[1]

ACCORDINGLY, IT IS on this, the **15th** day of **November 2013**, hereby **ORDERED** that this case shall be **REMANDED** to the Superior Court of New Jersey, Camden County; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this file in this matter.

                                          s/Renée Marie Bumb
                                          RENÉE MARIE BUMB
                                          UNITED STATES DISTRICT JUDGE

---

[1] Moreover, the Court notes that the Notice of Removal appears to be untimely under 28 U.S.C. § 1446(b).